**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
**No. 07-0119V**
**Filed: September 19, 2011**
(Not To Be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

J.E.,                              *

                 Petitioner,       *        Autism; Petitioner's Motion for a
                                   *        Decision Dismissing Petition;
          v.                        *        Insufficient Proof of Causation; Vaccine
                                   *        Act Entitlement; Denial Without Hearing
SECRETARY OF HEALTH AND            *
HUMAN SERVICES                     *

                 Respondent.        *

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION[1]

On February 20, 2007, petitioner filed a Short-Form Autism Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] on behalf of her minor child, J.E., which adopted the Master Autism Petition for Vaccine Compensation. The information in the record, however, does not show entitlement to an award under the Program.

On September 16, 2011, petitioner moved for a decision on the merits of the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, petitioner must prove either 1) that J.E. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – co rresponding to one of J.E.'s vaccinations, or 2) that J.E. suffered an injury that was actually caused by a vaccine. See §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose any evidence that J.E. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that J.E.'s alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13 (a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee, J.E., was injured by a vaccine. For these reasons, in accordance with § 12(d)(3)(A), the **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**Denise K. Vowell**
Special Master

---

[3] This document constitutes my final "Decision" in this case, pursuant to § 12(d)(3)(A). If petitioner wishes to have this case reviewed by a Judge of the United States Court of Federal Claims, a motion for review of this decision must be filed within 30 days. After 30 days the Clerk of this Court shall enter judgment in accord with this decision. If petitioner wishes to preserve whatever right petitioner may have to file a civil suit (that is a law suit in another court) petitioner must file an "election to reject judgment in this case and file a civil action" within 90 days of the filing of the judgment. § 21(a).